***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Stephenson. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Award except for minor modifications; therefore, the Full Commissions AFFIRMS the Decision and Order of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement admitted into evidence as Stipulated Exhibit #1 at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and the Industrial Commission has jurisdiction of the parties and the subject matter.
2. This is an action filed pursuant to the North Carolina Tort Claims Act, N.C.G.S. § 143-291, et seq.
3. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
4. Defendant, North Carolina Department of Correction, is a State agency and William Mackey was an employee of defendant at the time of the alleged negligence.
5. The date of the alleged negligence giving rise to this claim is February 18, 1999.
6. This issues to be determined by the Full Commission are:
a.) Whether defendant's named employee was negligent;
b.) Whether this negligence proximately caused injury to plaintiff;
c.) Whether plaintiff was contributorily negligent;
d.) Whether defendant had the last clear chance;
e.) What amount, if any, is plaintiff entitled to recover.
7. The deposition of Justin Bode, D.C. is a part of the evidentiary record in this case.
 ***********
Based upon the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On February 18, 1999, then twenty-six (26) year old plaintiff was operating his moped while traveling north on U.S. Highway 1 in Moore County when he was struck by a State-owned vehicle operated by William Mackey.
2. On February 18, 1999, William Mackey was employed by defendant as an intensive probation/parole officer. Mr. Mackey's position required him to travel to the homes of persons on intensive probation/parole to check curfew. At approximately 11:00pm on this date, Mr. Mackey was operating a State-owned vehicle while traveling to his last curfew check of the evening. Mr. Mackey was traveling north on U.S. Highway 1 in Moore County when he crested a hill and observed plaintiff's moped traveling in the road in front of him.
3. Mr. Mackey was traveling approximately 50-55 mph, which was at or below the posted speed limit, when he first observed plaintiff's moped 15-25 yards ahead of his state-owned vehicle. Mr. Mackey did not observe any tail lights on plaintiff's moped which was traveling at a slow rate of speed.
4. Mr. Mackey lifted his foot off the accelerator as soon as he realized something was traveling in the road ahead of him. Mr. Mackey hit the brake right at the point of collision with plaintiff's moped which was directly on the segmented center line of the four-lane highway. Mr. Mackey was traveling north in the right hand lane and moved further right to try to avoid the moped. Plaintiff also moved to the right side of the road and the left corner of Mr. Mackey's vehicle struck the back of the moped. The impact caused plaintiff's back and head to hit the windshield of Mr. Mackey's vehicle. Plaintiff then came off the vehicle and landed several feet to the left of the center line. Mr. Mackey assisted plaintiff and called dispatch for an ambulance.
6. Plaintiff's helmet left red marks six to twelve inches to the left of the center line. The damage to the State vehicle Mr. Mackey was driving was limited to the left front corner and quarter panel of the vehicle.
7. Plaintiff's version that he was traveling in the right hand lane at the fog line or far right hand side of the right lane at approximately 40 mph is not accepted as credible. The speed limit for a moped is 20 mph. Plaintiff's point of impact with the State vehicle was at the left front part of the car. If plaintiff's version of events was credible, the State vehicle would have been traveling off the shoulder of the road at the time of impact. There were no tire impressions on the right shoulder or any other evidence that would suggest the State vehicle traveled off the right shoulder of the road. Additionally, plaintiff's helmet marks when he hit the road directly after impact were located six to twelve inches left of the center line.
8. The greater weight of the competent evidence shows that the named employee of defendant, Mr. Mackey, was not negligent in the operation of his State vehicle on the evening of February 18, 1999. Mr. Mackey while traveling at or below the posted speed limit on U.S. Highway 1 came over a hill to find plaintiff on a slow-moving moped in the center of the road. Mr. Mackey reacted reasonably in attempting to maneuver around the moped and did not have time, or the last clear chance, to avoid the collision.
9. The greater weight of the competent evidence also shows that plaintiff's contributory negligence in that he moved his moped over into the path of Mr. Mackey's vehicle was the proximate cause of his collision with the State vehicle.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The named employee of defendant, William Mackey, was not negligent in the operation of his State vehicle on February 18, 1999; therefore, plaintiff is entitled to no damages from defendant. N.C.G.S. § 143-291.
2. Even if the named employee of defendant, William Mackey, were found to be negligent in the operation of his State vehicle on February 18, 1999, plaintiff's contributory negligence in the operation of his moped on the same date resulting in collision with the State vehicle renders plaintiff entitled to receive no damages from defendant. N.C.G.S. §143-299.1.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be and is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of January 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER